## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BERTHENIA WILLIAMS HALL, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1298 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent.* | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner Berthenia Williams Hall,[1] a state inmate proceeding *pro se*, seeks habeas relief under section 2254 challenging her felony conviction for possession of cocaine. Respondent filed a motion for summary judgment (Docket Entry No. 6), to which petitioner filed a response (Docket Entry No. 9).

After careful consideration of the motion, the response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this lawsuit for the reasons that follow.

### *Procedural Background*

Petitioner was convicted of possession of cocaine. The jury found "true" to two enhancement paragraphs and assessed punishment at thirty-five years incarceration. The conviction was affirmed on direct appeal. *Hall v. State*, No. 14-05-0444-CR (Tex. App. –

---

[1] The record shows that petitioner is also known as Brenda Allen, Lisa Robinson, and Berthenia Williams. S.F., Vol. 5, p. 35.

Houston [14th Dist.] 2006, pet. ref'd) (not designated for publication).  The Texas Court of Criminal Appeals refused discretionary review, and denied petitioner's application for state habeas relief without a written order based on the findings of the trial court.  *Ex parte Hall*, No. WR-69,463-01, at cover.  Petitioner filed the instant habeas petition on April 25, 2008.

### Grounds for Federal Habeas Relief

Petitioner raises the following federal habeas grounds:

(1)     actual innocence;

(2)      use of unlawfully seized evidence at trial;

(3)     insufficient evidence;

(4)     ineffective assistance of trial counsel;

(5)     use of perjured testimony;

(6)     denial of full appellate review;

(7)     insufficient evidence of prior conviction;

(8)     improperly "stacked" sentences;

(9)     a defective jury charge; and

(10)    ineffective assistance of appellate counsel.

Respondent argues that these claims are procedurally defaulted or without merit and should be summarily dismissed.

### *The Applicable Legal Standards*

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision, and arrives at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable.  *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a

3

factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

### Claim of Actual Innocence

Petitioner asserts that she is actually innocent of the crime for which she was convicted. As correctly argued by respondent, a claim of "actual innocence" is not a cognizable section 2254 habeas claim. *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006). To the extent petitioner is claiming actual innocence based on factually insufficient evidence to support her conviction, her claim constitutes a factual sufficiency challenge. It is well settled that a factual sufficiency challenge is a creation of state law, *see Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996), and therefore is not cognizable as a basis for federal habeas relief. *See* 28 U.S.C. §§ 2254(a) and (d)(1); *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). Respondent is entitled to summary judgment dismissing petitioner's claim of actual innocence.

### Claim of Illegally-Seized Evidence

Petitioner claims that the cocaine made the basis of her conviction was obtained in violation of her Fourth Amendment rights. As correctly noted by respondent, this claim is

barred by *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court held that, where a petitioner received a full and fair opportunity to litigate a Fourth Amendment claim in state court, he may not receive federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial. *Id.* at 494. The record in the instant case undisputably shows that the trial court held a full and complete suppression hearing on petitioner's Fourth Amendment issues regarding the evidence, and that the trial court denied the suppression motion. Accordingly, petitioner received a full and fair opportunity to litigate her Fourth Amendment claim in state court, and she is precluded from pursuing her Fourth Amendment claim on federal habeas. *See also ShisInday v. Quarterman*, 511 F.3d 514, 524-25 (5th Cir. 2007).

### Claim of Insufficient Evidence

Petitioner alleges that the evidence is insufficient to support her conviction. Petitioner failed to challenge the sufficiency of the evidence on direct appeal. A review of petitioner's state habeas application reveals that she presented a "no evidence" challenge to the evidence on collateral review. *Id.*, p. 8. In rejecting the claim, the state habeas court found that, "Applicant's challenges to the sufficiency of the evidence are not cognizable in post-conviction habeas proceedings." *Ex parte Hall*, p. 180 (citation omitted).

Any factual insufficiency challenge raised by petitioner fails to state a cognizable federal habeas claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Further, because petitioner did not challenge the legal sufficiency of the evidence on direct appeal, the issue

is procedurally defaulted.  *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).  Federal habeas relief will not be granted on a procedurally defaulted claim unless the petitioner can demonstrate both good cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice in that he is actually innocent of the offense.

Petitioner does not dispute that her legal insufficiency claim is procedurally defaulted. She argues, however, that she shows good cause and prejudice under *Coleman* because appellate counsel ignored her request to challenge the sufficiency of the evidence on direct appeal. 501 U.S. at 750.  Under certain circumstances, a counsel's ineffectiveness in failing properly to preserve a claim for review in state court will suffice as the required "cause." *Murray v. Carrier*, 477 U.S. 478, 488-489 (1986).  Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the federal Constitution.  *Id.* In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim.  As shown *infra*, petitioner fails to show that appellate counsel's failure to raise this issue constituted ineffective assistance of counsel, and no good cause is shown for the procedural default.

Respondent is entitled to summary judgment dismissing petitioner's insufficiency of the evidence claim.

6

### *Claims of Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance.  *Id.* at 687.  The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id*.

Petitioner asserts that trial counsel failed:

(1)     to move to quash the indictment;

(2)     to challenge petitioner's competency to stand trial;

(3)     to prepare adequately for trial;

(4)     to locate witnesses;

(5)     to interview witnesses;

(6)     to review police and laboratory reports;

(7)     to subpoena witnesses;

(8)     to hire an investigator;

(9)     to investigate the facts of the case;

(10)    to represent petitioner before the grand jury;

(11)    to file defense motions;

(12)    to investigate petitioner's state of mind;

(13)   to investigate the enhancement paragraphs;

(14)   to conduct an adequate voir dire;

(15)   to make an opening statement;

(16)   to move for a continuance;

(17)   to interview an alibi witness;

(18)   to object to prejudicial evidence;

(19)   to object to inadmissible evidence;

(20)   to request fingerprinting;

(21)   to contact eyewitnesses;

(22)   to object to the jury instructions;

(23)   to make wise strategic choices;

(24)   to argue adequately at the punishment hearing; and

(25)   to object to cumulative sentencing.

The Court has grouped these claims below for clarity and to avoid redundancy.

*Failure to Move to Quash the Indictment*

Under her first ground for ineffective assistance of counsel, petitioner argues that trial counsel should have moved to quash the indictment because the evidence linking her to the contraband was illegally seized and insufficient.

In his affidavit submitted to the state court on collateral review, trial counsel testified, in relevant part, that:

The indictment, in my opinion, was not deficient. The question of linking the baggie [of cocaine] to Applicant was not an indictment issue as I see it. We challenged the evidence but the jury apparently believed the testimony that the car, where the purse was found, was registered to Applicant and that Applicant's identification was in the purse along with the alleged cocaine.

*Ex parte Hall*, p. 176.

In rejecting petitioner's claim on collateral review, the state court made the following relevant findings of fact:

10.   Applicant fails to prove she received ineffective assistance of counsel.

11.   Applicant fails to prove that any of counsel's representation fell below an objective standard of reasonableness.

12.   Applicant fails to prove that but for counsel's alleged errors, the result of the proceeding would have been different.

13.   Applicant fails to show that trial counsel failed to file appropriate pre-trial motions.

14.   Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did file appropriate pre-trial motions.

\*       \*       \*       \*

20.   Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did present the case in a manner sufficient to protect Applicant's right to reasonably effective assistance of counsel.

*Id.*, p. 181 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Ex parte Hall*, at cover.

Texas state law does not recognize insufficiency of the evidence as viable grounds for a motion to quash the indictment. *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005). Petitioner fails to show that, had counsel filed a motion to quash the indictment, it would have been granted, and fails to rebut the presumption that counsel's decision not to move to quash the indictment was reasonable trial strategy. Accordingly, petitioner demonstrates neither deficient performance nor prejudice.

The state habeas courts denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Failure to Hire an Investigator*

Petitioner claims that counsel should have hired an investigator to investigate and interview the material witnesses in this case. In his affidavit submitted to the trial court on collateral review, trial counsel testified that he did not hire an investigator because he did not need one. *Ex parte Hall*, p. 176. He further testified that, "At no time did Applicant request or mention the need for an investigator and nothing that I have now read indicates the need for an investigator." *Id*.

In rejecting petitioner's claim on collateral review, the state court made the following relevant findings of fact:

10.     Applicant fails to prove she received ineffective assistance of counsel.

11.     Applicant fails to prove that any of counsel's representation fell below an objective standard of reasonableness.

12.     Applicant fails to prove that but for counsel's alleged errors, the result of the proceeding would have been different.

*   *   *   *

20.     Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did present the case in a manner sufficient to protect Applicant's right to reasonably effective assistance of counsel.

*Id.*, p. 181 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Ex parte Hall*, at cover.

In support of her claim, petitioner argues that an investigator could have attempted to locate and interview witnesses and investigate the case.  She fails, however, to demonstrate why an investigator was necessary in *her* particular case.   Trial counsel was of the professional opinion that an investigator was not needed.  To establish a failure to investigate claim, petitioner must allege with specificity what a proper investigation would have revealed and how it would have benefitted her.  *See United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000).  Petitioner must also show a reasonable probability that, but for her counsel's failure to hire an investigator, the result of the trial would have been different.

Petitioner presents no probative summary judgment evidence establishing that this decision was unreasonable under the circumstances, or that, but for counsel's failure to hire

12

an investigator, there is a reasonable probability that the result of her trial would have been different.  Neither deficient performance nor prejudice under *Strickland* is shown.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Failure to Challenge Petitioner's Competency*

Under ineffective assistance grounds (2), (11), and (12), petitioner complains that trial counsel failed to challenge her competency to stand trial.  She contends that counsel was put on notice that she was incompetent and mentally unsound when, immediately prior to voir dire, she began to cry and state that she was "scared."  This incident appears in the record.  Petitioner's additional underlying allegations, however – that she had been placed on antidepressants and diagnosed as schizophrenic ten years earlier – are conclusory and not supported by the record.

In his affidavit submitted to the state court on collateral review, trial counsel testified, in relevant part, that, "There was never an issue of competence at the time of trial and in reviewing my correspondence with Applicant, especially her letters to me, it is apparent that she was competent."  *Ex parte Hall*, p. 176.  In rejecting petitioner's claim on collateral review, the state court made the following relevant findings of fact:

15.   Applicant fails to show that trial counsel failed to properly inquire into Applicant's competency.

16.   Applicant fails to show that here was any genuine issue as to her competency.

*Ex parte Hall*, p. 181 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Ex parte Hall*, at cover.

The test for determining competency is whether, at the time of trial, the defendant had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as factual understanding of the proceedings against him.  *Bouchillon v. Collins*, 907 F.2d 589, 592 (5th Cir. 1990).  To prevail on an ineffective assistance claim based on counsel's failure to obtain a competency evaluation, the petitioner must demonstrate a reasonable probability that he was incompetent to stand trial.  *Id.* at 595.  In arguing that counsel failed to investigate properly her competency and mental status prior to trial, petitioner here fails to present probative evidence showing that, had such an investigation been undertaken, there is a reasonable probability that she would have been found incompetent to stand trial.  Her conclusory allegations of incompetency do not stand as probative evidence sufficient to raise a genuine issue of material fact regarding her competency to stand trial.  Thus, petitioner fails to demonstrate either deficient performance or prejudice.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of,

14

*Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Failures to Investigate, Obtain, and Subpoena Witness*

Petitioner contends under ineffective assistance grounds (4), (5), (7), (17), and (21), that trial counsel was ineffective in failing to interview, obtain, and subpoena defense witnesses, including her co-defendant, Margaret Florence.  Under ground (16), she complains that trial counsel failed to request a continuance to call Florence as a defense witness. According to petitioner's claims, Florence would have testified that the drugs and drug paraphernalia seized during the offense were her own, and that petitioner was unaware that they were in her vehicle.  Petitioner further believes that other omitted witnesses may have been able to impeach the police officers and establish her innocence.  No affidavits or other recorded testimony of Florence or any other allegedly omitted witness appear in the record.

In his affidavit submitted to the state court on collateral review, trial counsel testified, in relevant part, as follows:

> I have no recollection of interviewing the co-defendant or notes to support an interview, of course I could not have interviewed her without her attorney's consent and I do not remember who her attorney was or if I ever requested to interview her.  If I made such a request and was immediately turned down I doubt I would [have] even recorded it on my time sheet.

*Ex parte Hall*, p. 176.  Trial counsel further testified that no continuance was requested because he felt he did not need additional time to prepare for trial.  *Ex parte Hall*, p. 176.

In denying habeas relief, the state court made the following relevant findings on collateral review:

17.   Applicant fails to show that trial counsel failed to prepare for trial.

18.   Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did prepare sufficiently to protect Applicant's right to reasonably effective assistance of counsel.

19.   Applicant fails to show that trial counsel was ineffective in his presentation at trial.

20.   Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did present the case in a manner sufficient to protect Applicant's right to reasonably effective assistance of counsel.

*Ex parte Hall*, p. 181.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative.  Where, as here, the only evidence of a missing witnesses's testimony is from the petitioner, this Court views claims of ineffective assistance with great caution.  *See Sayre v. Anderson,* 238 F.3d 631, 635 (5th Cir. 2001).  Petitioner has provided no competent evidence showing a reasonable probability that trial counsel's investigation and subpoenaing of Florence would have changed the verdict in her trial. Petitioner has supplied no affidavits from, or probative evidence of, any material omitted witnesses, their availability, or their proposed testimony.

Petitioner's own speculation as to what these witnesses might have said is insufficient to show a reasonable probability that, but for counsel's failure to investigate and subpoena them, the result of the trial would have been different. *U.S. v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983). Hypothetical or theoretical testimony will not justify the granting of federal habeas relief. *Martin v. McCotter,* 796 F.2d 813, 819 (5th Cir. 1981). Nor does petitioner present probative summary judgment evidence that, had counsel requested a trial continuance, it would have been granted, and that there is a reasonable probability that the result of her trial would have been different.

The state habeas courts denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Failure to Represent Petitioner Before the Grand Jury*

Petitioner asserts that her original court-appointed attorney failed to ask for an examining trial or present her to the grand jury prior to her indictment. She states that had counsel done so, there was a reasonable probability that she would not have been indicted because the evidence against her was the result of an illegal search and seizure.

In denying habeas relief, the state court on collateral review made the following relevant findings:

17

10.     Applicant fails to prove she received ineffective assistance of counsel.

11.     Applicant fails to prove that any of counsel's representation fell below an objective standard of reasonableness.

12.     Applicant fails to prove that but for counsel's alleged errors, the result of the proceeding would have been different.

*Ex parte Hall*, p. 181 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Ex parte Hall*, at cover.

Even if the Court were to assume that counsel were deficient, petitioner's conclusory allegations of prejudice are unsupported two-fold in the record.  As the trial court denied petitioner's motion to suppress the evidence, the record does not support her allegation that the evidence was unlawfully obtained.  Nor does petitioner present any probative evidence, and none appears in the record, that, but for counsel's errors, there is a reasonable probability that she would not have been indicted.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Failure to Investigate the Enhancement Paragraphs*

Petitioner complains that trial counsel failed to investigate whether she was represented by counsel in her two enhancement convictions, and failed to object to two

18

discrepancies appearing within her "pen packet."  She argues that the State's fingerprint expert identified one of the convictions as from the 263nd District Court of Harris County, while the actual court documents reflected the conviction as from the 262nd District Court. Petitioner further asserts that the documents inconsistently reflect May 18, 1988, and May 19, 1988, as the judgment date for the second conviction.  According to petitioner, these errors rendered the enhancements void and resulted in an unlawfully enhanced sentence, to which counsel should have objected.

In denying habeas relief, the state court on collateral review made the following relevant findings:

> 10.   Applicant fails to prove she received ineffective assistance of counsel.
>
> 11.   Applicant fails to prove that any of counsel's representation fell below an objective standard of reasonableness.
>
> 12.   Applicant fails to prove that but for counsel's alleged errors, the result of the proceeding would have been different.

*Ex parte Hall*, p. 181 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Ex parte Hall*, at cover.

Nothing in the record establishes that petitioner was not represented by counsel in her two prior convictions; indeed, petitioner herself does not even assert she was without counsel.  To the contrary, the "pen packet" judgments show that petitioner was represented by counsel on both occasions.  S.F., Vol. 6, State's Exhibits P-1, P-3.  Accordingly, neither deficient performance nor prejudice in this regard are shown.

Further, no discrepancy appears in the State's "pen packet" evidence regarding the enhancement paragraph conviction date. Petitioner relies on the notice of intent to use prior convictions filed by the State on March 29, 2005, which pleading reflects a disposition date of May 18, 1988, for conviction number 0501607. Clerk's Record at 47. However, both the controlling document and evidence – the indictment and the "pen packet" – reflect a conviction date of May 19, 1988. Clerk's Record at 20; S.F., Vol. 6, State's Exhibit P-3. Again, neither deficient performance nor prejudice are shown.

During the punishment phase of trial, the State's fingerprint expert witness identified one of the two enhancement convictions as arising from the 263rd District Court of Harris County, Texas. S.F., Vol. 5, p. 45. The "pen packet" exhibits reflected that the conviction arose from the 262nd District Court. S.F., Vol. 6, State's Exhibit P-1. Trial counsel utilized this inconsistency to the benefit the defense during closing argument, as follows:

> Secondly, the witness testified very clearly that the conviction was in the 263rd District Court. This indictment and this charge alleges the 262nd District Court. Maybe those are technicalities, but it's my job to point out whatever I can to defend my client the best I can.

S.F., Vol. 5, p. 54. Counsel then asked the jury to find "not true" to that prior conviction and, accordingly, to then assess punishment under the lower statutory range. *Id.*, pp. 54-55. The jury, however, found the enhancement paragraphs "true." Petitioner fails to show that, had counsel objected to the discrepancy, the objection would have been sustained and the

enhancement paragraph would have been stricken.  Petitioner presents no probative summary judgment evidence of deficient performance or prejudice under *Strickland*.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Failures to Conduct an Adequate Voir Dire or Make an Opening Statement*

Petitioner complains that trial counsel failed to discuss the concept of "reasonable doubt" during voir dire and failed to make an opening statement at trial.

In denying habeas relief, the state court made the following relevant findings on collateral review:

19.   Applicant fails to show that trial counsel was ineffective in his presentation at trial.

20.   Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did present the case in a manner sufficient to protect Applicant's right to reasonably effective assistance of counsel.

*Ex parte Hall*, p. 181 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Ex parte Hall*, at cover.

As a general rule, a habeas petitioner complaining of a trial counsel's failure to make an opening statement must establish resulting prejudice, including suggesting what the

21

attorney should have said and showing how he was harmed by the attorney's failure to avail himself of the opportunity. *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) (noting that whether or not to make an opening statement "falls within the zone of trial strategy.")

Even assuming counsel were deficient in these two instances, petitioner fails to demonstrate prejudice under *Strickland*. Her conclusory allegations of harm are unsupported in the record, and she fails to present probative summary judgment evidence that, but for counsel's two alleged errors, there is a reasonable probability that the results of her trial would have been different.

The state habeas courts denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

### *Failures to Object to Inadmissible and Prejudicial Evidence*

Petitioner complains that trial counsel failed to object to the State's references to, and its evidentiary use of, the cocaine and other incriminating evidence removed from her vehicle. She asserts that the unlawfully-seized evidence was inadmissible under the Fourth Amendment. She further complains that trial counsel failed to object to prejudicial evidence of her crying and being "scared" prior to trial.

In rejecting petitioner's claims on collateral review, the state court made the following relevant findings of fact:

> 19.   Applicant fails to show that trial counsel was ineffective in his presentation at trial.
>
> 20.   Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did present the case in a manner sufficient to protect Applicant's right to reasonably effective assistance of counsel.

*Ex parte Hall*, p. 181.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

The record shows that the trial court overruled petitioner's motion to suppress the evidence under these arguments, and found the evidence admissible.  Accordingly, there was no legal basis for counsel to continue objecting to the evidence throughout trial, and his failure to do so did not constitute ineffective assistance of counsel.  *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding that counsel is not required to make futile motions or objections).  Petitioner fails to show that, had counsel continued to object to the evidence, that the objections would have been sustained and the evidence excluded.  Neither deficient performance nor prejudice are shown.

Further, the incident regarding petitioner's crying and being "scared" prior to trial appears in the record, but took place prior to voir dire outside the presence of the veniremembers.  Indeed, the trial court told petitioner that they were "thirty seconds out from the first juror walking in this door" and for her to "quit that crying."  He stated that, "There

will be plenty of time when you're called as a witness; but until then, I don't want any of that at counsel table while I'm trying to pick a jury."  S.F., Volume II, p. 5.  Petitioner articulates no viable grounds for objection that, had counsel pursued, would have been granted, or that, but for such failure to object, there is a reasonable probability that the results of the trial would have been different.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

### *Failure to Request Fingerprinting*

Petitioner complains that trial counsel failed to request that fingerprint testing be undertaken on the baggie of cocaine found in her vehicle.  She argues that, had such testing been undertaken, it would have revealed that her fingerprints were not on the baggie.

In his affidavit submitted to the state court on collateral review, trial counsel testified, in relevant part, as follows:

> The State did not have Applicant's fingerprints on the baggie because they never even tested the baggie for fingerprints.  I felt it was in Applicant's best interests to leave this alone and argue it at trial.

*Ex parte Hall*, p. 176.  In rejecting petitioner's claim on collateral review, the state court made the following relevant findings of fact:

24

10.      Applicant fails to prove she received ineffective assistance of counsel.

11.      Applicant fails to prove that any of counsel's representation fell below an objective standard of reasonableness.

12.      Applicant fails to prove that but for counsel's alleged errors, the result of the proceeding would have been different.

13.      Applicant fails to show that trial counsel failed to file appropriate pre-trial motions.

14.      Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did file appropriate pre-trial motions.

*　　*　　*　　*

20.      Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did present the case in a manner sufficient to protect Applicant's right to reasonably effective assistance of counsel.

*Id.*, p. 181 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Ex parte Hall*, at cover.

Under *Strickland,* judicial scrutiny of counsel's performance must be highly deferential. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. With regard to the second prong of the Strickland test, a "mere possibility" that a different result might have occurred is not sufficient to demonstrate prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999).

In support of her argument, petitioner presents only her own conclusory allegation that testing would have revealed that her fingerprints were not on the baggie.  Nor does she present probative evidence demonstrating that, but for counsel's failure to procure fingerprint testing, the results of the trial would have been different.  As a result, petitioner fails to rebut the presumption that counsel's decision to not undertake fingerprint testing was reasonable trial strategy.  Neither deficient performance nor prejudice are established.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Failure to Object to the Jury Instructions*

Petitioner complains that trial counsel failed to object to lack of a definition of "reasonable doubt" or "circumstantial evidence" in the jury charge.  These arguments are without merit.  Texas state law and the federal Constitution do not require a jury instruction on "reasonable doubt."  *See Victor v. Nebraska*, 511 U.S. 1, 5 (1994) ("The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course.").  *See also Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).  Nor does Texas law require a circumstantial evidence charge.  *See Hankins v. State*, 646 S.W.2d

191, 198-99 (Tex. Crim. App.1983) (op. on reh'g) (abolishing circumstantial evidence charge and holding that if jury is properly instructed on burden of proof, "charge on circumstantial evidence is valueless and invites confusion").  Accordingly, trial counsel was not ineffective in failing to request, or object to the lack of, a reasonable doubt or circumstantial evidence jury charge.  *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding that counsel is not required to make futile motions or objections).

Respondent is entitled to summary judgment dismissing this habeas claim.

*Failure to Present Mitigating Evidence at the Punishment Hearing*

Petitioner complains that trial counsel failed to present mitigating evidence of her "major emotional illness" to the jury during the punishment phase of trial.  In support of her argument, petitioner refers to her episode of crying and being "scared" prior to voir dire, and to her alleged depression and schizophrenia ten years earlier.  She asserts that counsel's failure to present this evidence to the jury during punishment stands as ineffective assistance which prejudiced her at sentencing.

In denying habeas relief on collateral review, the trial court made the following relevant findings:

10.  Applicant fails to prove she received ineffective assistance of counsel.

11.  Applicant fails to prove that any of counsel's representation fell below an objective standard of reasonableness.

12.  Applicant fails to prove that but for counsel's alleged errors, the result of the proceeding would have been different.

27

13.   Applicant fails to show that trial counsel failed to file appropriate pre-trial motions.

14.   Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did file appropriate pre-trial motions.

*     *     *     *

20.   Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did present the case in a manner sufficient to protect Applicant's right to reasonably effective assistance of counsel.

*Id.*, p. 181 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Ex parte Hall*, at cover.

Petitioner's claims of suffering from a "major emotional illness" at time of trial and/or a decade prior are conclusory allegations unsupported by probative summary judgment evidence in the record.  Although her episode of crying and being scared appears in the record, no probative evidence establishes this as constituting mental illness or a major medical condition.  Petitioner's conclusory factual allegations of having a past and present mental illness are unsupported in the record and fail to raise a genuine issue of material fact precluding summary judgment.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the

28

record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Failure to Object to Cumulative Sentencing*

Petitioner complains that trial counsel failed to object to the trial court's order cumulating her sentences.  In support, she argues that the trial court abused its discretion under state law and relied on incorrect information.  She did not raise this issue on direct appeal.

In his affidavit submitted to the trial court on collateral review, trial counsel testified that he made no argument to prevent the trial court from cumulating the sentences because he "did not know of any argument to prevent it."  *Ex parte Hall*, p. 177.  The trial court on collateral review found that, "Applicant's claim that the trial court erred in cumulating her sentence is procedurally barred as a record claim."  *Id.*, p. 181 (citation omitted).

Even assuming this issue were properly before this Court, it is without merit. Petitioner fails to show that, under state law, the trial court unlawfully cumulated the two sentences.  Further, her allegation that the trial court relied on incorrect information in granting the motion to cumulate is conclusory and unsupported in the record.  Petitioner does not establish that, had counsel objected to the order cumulating the sentences, the objection would have been granted.  Petitioner establishes neither deficient performance nor prejudice, and respondent is entitled to summary judgment dismissing this issue.

*Failure to Review the Police and Laboratory Reports*

Petitioner asserts that trial counsel failed to review the relevant police and laboratory test reports, and that, had he reviewed these materials, he would have been better prepared for trial and she would have been acquitted.  In his affidavit submitted to the trial court on collateral review, trial counsel testified that the trial court granted his discovery motion and that he reviewed the State's file on four different occasions in preparing for trial.  *Ex parte Hall*, p. 175-76.

In rejecting petitioner's claim on collateral review, the state court made the following relevant findings:

17.   Applicant fails to show that trial counsel failed to prepare for trial.

18.   Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did prepare sufficiently to protect Applicant's right to reasonably effective assistance of counsel.

19.   Applicant fails to show that trial counsel was ineffective in his presentation at trial.

20.   Based on the credible and reliable affidavit of [trial counsel], and official court records in this case, the court finds that counsel did present the case in a manner sufficient to protect Applicant's right to reasonably effective assistance of counsel.

*Ex parte Hall*, p. 181 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Ex parte Hall*, at cover.

Petitioner's allegations of what counsel specifically reviewed or failed to review prior to trial are conclusory, unsupported by the record, and do not constitute probative summary judgment evidence raising a genuine issue of material fact as to his effectiveness.  This Court's own independent review of the record fails to reveal evidence supporting petitioner's claim. Petitioner demonstrates neither deficient performance nor prejudice under *Strickland*.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

### Claim of Perjured Testimony

Petitioner contends that one police officer perjured himself by first testifying that the purse containing the cocaine was found in the car behind the driver's seat, and later, that it was found behind the passenger's seat.  (Docket Entry No. 9, p. 37.)  She further contends that another witness perjured himself by testifying, without objective or recorded proof, that he personally saw petitioner shoplift two blouses shortly before her arrest.

In rejecting petitioner's claims of perjury, the state court on collateral review made the following relevant findings:

> 5.  Applicant fails to prove that the State secured her conviction through the use of perjured testimony.

31

6.      Applicant fails to prove that the State presented any false testimony.

7.      Applicant fails to prove that the State knew or had any reason to know that any alleged perjured testimony was false.

8.      Applicant fails to prove that any alleged perjured testimony was material.

*Ex parte Hall*, pp. 180-81 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

A state denies a criminal defendant due process of law when it knowingly uses perjured testimony at trial or allows untrue testimony to remain uncorrected. *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Creel v. Johnson*, 162 F.3d 385, 391 (5th Cir. 1998).  To prevail on a *Giglio* habeas claim, a petitioner must show that false testimony was given, that the falsity was material in that it would have affected the jury's verdict, and that the prosecution used the testimony knowing it was false.  *Creel*, 162 F.3d at 391.

Petitioner fails to show, and the record does not reflect, that the officers presented false testimony, or that the State knowingly used false testimony.  Testimony that is inconsistent, contradictory, or conflicting, does not, standing alone, constitute perjured testimony. *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001).  Contradictory testimony between or among witnesses or inconsistencies within a witness's testimony are to be resolved by the trier of fact, and do not suffice to establish any certain testimony as perjured. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).  In the instant case, petitioner does

nothing more than demonstrate inconsistencies and conflicts in the evidence that were resolved by the jury in reaching its verdict.

Petitioner fails to rebut, with clear and convincing evidence, the presumed correctness of the state court's findings on this issue. Petitioner further fails to show that the state court's denial of habeas relief was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. *Williams*, 529 U.S. at 404-05. Respondent is entitled to summary judgment on petitioner's habeas claim of perjury.

### *Claim of Denial of Full Appellate Review*

Petitioner complains that the state court on direct appeal erred in affirming her conviction on federal constitutional grounds without consideration of state constitutional grounds. Her claim is without merit.

The record shows that, on appeal, petitioner argued as her sole point of error that the trial court abused its discretion in overruling her motion to suppress the evidence. She argued that the underlying search and seizure violated both federal and state constitutional protections. In affirming the conviction, the state court of appeals found no violation of petitioner's constitutional rights. *Hall v. State*, No. 14-05-00444-CR (Tex. App. – Houston [14th Dist.] 2006, pet ref'd) (not designated for publication). In doing so, the state court relied on both state law and federal cases. Regardless, the constitutional protection against unreasonable searches and seizures is the same under both state and federal constitutional

law. *Johnson v. State*, 803 S.W.2d 272, 288 (Tex. Crim. App. 1990). Habeas relief is not warranted, and respondent is entitled to summary judgment dismissing this claim.

### Claim of Insufficient Evidence to Support the Enhancement Paragraph

Petitioner states that the State failed to "prove up" one of the enhancement paragraphs because of a variance between the prior conviction records and testimony of the State's witness. During the punishment phase of trial, the State's fingerprint expert witness identified one of the prior convictions as from the 263rd District Court of Harris County. S.F., Vol. 5, p. 45. The actual "pen packet" records, however, showed the conviction to be from the 262nd District Court of Harris County, Texas. S.F., Vol. 6, State's Exhibit P-1. As already noted by this Court, only a legal insufficiency challenge may be raised and reviewed under section 2254. Petitioner agrees that her conviction arose in the 262nd District Court, and the State presented evidence that the conviction arose in that court. Accordingly, petitioner's "no evidence" argument is without merit, and respondent is entitled to summary judgment dismissing this claim.

### Claim of Improper "Stacking" of Sentences

Petitioner argues that the trial court abused its discretion in granting the State's motion to cumulate ("stack") her sentences. The record shows that the trial court ordered petitioner's sentence in the instant conviction to run cumulatively with the sentence in her 1998 conviction for possession of a controlled substance. Clerk's Record at 49, 80. Petitioner acknowledges that this claim is procedurally defaulted, but urges that good cause and

prejudice exist under *Coleman* in that appellate counsel ignored her request to raise this issue on appeal.

Even if this Court were to assume that petitioner asked counsel to raise this issue on appeal, she establishes no prejudice from his ensuing failure to do so.  She does not show that, under state law, the trial court unlawfully cumulated these two sentences.  Her allegations that the trial court relied on incorrect information in granting the motion to cumulate are conclusory and unsupported in the record.  Petitioner does not establish that, but for counsel's failure to raise this issue on direct appeal, the result of her appeal would have been different.

Respondent is entitled to summary judgment dismissing this habeas issue.

### Claim of Improper Jury Charge

Petitioner alleges that the trial court erroneously omitted a definition of "reasonable doubt" in the jury instructions.  Texas state law and the federal Constitution do not require such an instruction, and no cognizable habeas ground is presented.  *See Victor v. Nebraska*, 511 U.S. 1, 5 (1994) ("The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course.").  *See also Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).

Respondent is entitled to summary judgment dismissing this habeas claim.

35

### Claim of Ineffective Assistance of Appellate Counsel

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts showing that appellate counsel's representation was deficient and that the deficient performance caused her prejudice. That is, petitioner must show that but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687-88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts*, 469 U.S. at 394; *West*, 92 F.3d at 1396. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690-91.

Petitioner asserts that appellate counsel was ineffective in failing to raise the claims she presents in the instant habeas proceeding. Because this Court has found these claims to be without merit, petitioner cannot show that, but for appellate counsel's counsel failure to raise them on appeal, there is a reasonable probability that the results of the appeal would have been different. Accordingly, petitioner establishes neither deficient performance nor

prejudice under *Strickland*, and respondent is entitled to summary judgment dismissing this claim.

### *Request for an Evidentiary Hearing*

In her response in opposition to the motion for summary judgment, petitioner requests an evidentiary hearing to more fully develop the record regarding trial and appellate counsels' ineffectiveness. She complains that, by ordering trial counsel to submit an affidavit in lieu of an evidentiary hearing, she was denied a right to develop the record on habeas review. She additionally argues that an evidentiary hearing is necessary before this Court can make any "credibility determinations" of the evidence in the record. (Docket Entry No. 9, p. 19.)

Even assuming error, infirmities in state habeas proceedings on habeas review do not constitute grounds for habeas relief in federal court. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.").

Petitioner has not asserted an error in the state habeas proceeding affecting the deference due the state courts' findings in the habeas proceedings. Petitioner contends that she was not afforded a full and fair adjudication of her claims in state court because the state court did not hold a live evidentiary hearing on the merits of the claims. The Texas Court

37

of Criminal Appeals denied petitioner's state habeas application without written order on the findings of the trial court.  This ruling constitutes an adjudication of petitioner's claims on the merits and is entitled to the presumption of correctness.  *See Bledsue v. Johnson*, 188 F.3d 250, 257 (5th Cir. 1999); *May v. Collins*, 955 F.2d 299, 311 (5th Cir. 1992).  Moreover, if a petitioner fails to develop a factual basis for a claim in state court, a federal habeas court may not conduct an evidentiary hearing on the claim unless the claim relies on a new rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence, and the facts would be sufficient to establish by clear and convincing evidence the petitioner's actual innocence.  28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 434-37 (2000).  Petitioner does not met this burden.

Nor is the *quality* of the state court's habeas proceeding relevant to deciding the applicability of section 2254(e)'s presumption of correctness to the state habeas court's findings of fact or to applying the review standard of section 2254(d).  *Valdez v. Cockrell*, 274 F.3d 941, 950-51 (5th Cir. 2001).  *See also Hudson v. Quarterman*, 273 Fed. Appx. 331, 334 (5th Cir. 2008) (rejecting argument that state court findings are not entitled to deference where the state court did not hold an evidentiary hearing and adopted the state's proposed findings and conclusions *verbatim*); *Johnson v. Quarterman*, 204 Fed. Appx. 367, 371 (5th Cir. 2006) (rejecting argument that the state court's findings should be not be given deference because "all credibility decisions were made from a cold record"); *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004) (rejecting argument that the federal court should

not defer to the state court's findings where the state court did not allow an evidentiary hearing and the habeas judge was not the trial judge).

Further, state credibility determinations receive AEDPA deference on habeas review unless rebutted by clear and convincing evidence appearing in the record.  *See Summers v. Dretke*, 431 F.3d 861, 871 (5th Cir. 2005); 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence."). Petitioner fails here to rebut the presumed correctness of the state court's credibility determination by clear and convincing evidence.

The decision whether to conduct an evidentiary hearing is committed to this Court's discretion.  *See Michael Williams v. Taylor*, 529 U.S. 420, 436 (2000).  An evidentiary hearing is not required if there are no relevant factual disputes that would require development in order to assess the claims.  This Court has been able to resolve all issues raised in this case by referring to the pleadings and the state court record, and petitioner's request for an evidentiary hearing is DENIED.

### Conclusion

For the reasons stated above, the Court GRANTS the motion for summary judgment (Docket Entry No. 6) and DISMISSES this case with prejudice.  Any and all pending motions are DENIED AS MOOT.  A certificate of appealability is DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on February 12, 2009.

_____
Gray H. Miller
United States District Judge